JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
3470 Twelfth Street, Riverside, CA  92501
<u>CIVIL MINUTES -- GENERAL</u>

Case No.     ED CV 09-01427-SGL(FMOx)                                    Date:  September 3, 2009

Title:       HSBC BANK USA, NATIONAL ASSOCIATION AS IDENTURE TRUSTEE -v- ALONDRA URENA, ET AL.
==================================================================
PRESENT:  HONORABLE STEPHEN G. LARSON, U.S. DISTRICT JUDGE

        Cindy Sasse                                      None Present
        Courtroom Deputy                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:    ATTORNEYS PRESENT FOR DEFENDANTS:

None present                                      None present

**PROCEEDINGS:     ORDER REMANDING CASE**

      The present action was improperly removed and the Court lacks subject-matter jurisdiction over it; accordingly, the Court **REMANDS** this case to San Bernardino Superior Court.

      Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  <u>Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it.  <u>Abrego Abrego v. The Dow Chemical Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006).

      Although the Notice of Removal states that a claim in the present action arises under federal law, a review of the complaint reveals that it is a straightforward unlawful detainer action proceeding under state law to which the removing defendant intends to assert a federal defense.  <u>See</u> Notice of Removal at 2 ("The grounds for such removal is being based on claims 'arising under' FEDERAL LAW[.]  Namely, as to Federal Jurisdiction resulting from [defendant's] Discovery Request and Demands for:  'THE ORIGINAL BLUE INKED PROMISSORY NOTE'").  However, the assertion of a federal defense to a state-law claim does not convert the state-law claim into one "arising under" federal law for purposes of federal-question jurisdiction.  <u>See</u> <u>Moore-Thomas v. Alaska Airlines, Inc.</u>, 553 F.3d 1241, 1244 (9th Cir. 2009) (setting forth the so-called "well-pleaded

ED CV 09-01427-SGL(FMOx)
HSBC BANK USA, NATIONAL ASSOCIATION AS IDENTURE TRUSTEE v ALONDRA URENA, ET AL.
MINUTE ORDER of September 3, 2009

complaint rule"). Therefore, the Court has no federal question jurisdiction. See 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

There is no evidence that petitioner and respondents are citizens of different states; to the contrary, the Notice of Removal states that both are residents of the State of California. Moreover, although defendant states that he "believes" the amount in controversy exceeds $75,000, this belief is unfounded, as the complaint expressly limits the amount in controversy to less than $10,000. In order to invoke the Court's diversity jurisdiction, the defendant must show that he and the plaintiff are not residents of the same state, and that the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332 (setting forth requirements for diversity jurisdiction).

In the absence of subject-matter jurisdiction, this Court is empowered to sua sponte order summary remand of the action. See 28 U.S.C. § 1446(c)(4) (requiring district courts to examine notices of removal and their exhibits and authorizing summary remand in appropriate circumstances); 28 U.S.C. § 1447(c) (requiring district courts to remand cases if it appears, at any time before final judgment is entered, that the court lacks subject-matter jurisdiction). Accordingly, the Court **HEREBY REMANDS** the present action to the San Bernardino Superior Court.

The Clerk shall close the case.

**IT IS SO ORDERED.**